*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0948**

Robert A. Kunshier,
Appellant,

vs.

Emily Johnson Piper,
Commissioner of Human Services,
Respondent.

**Filed January 4, 2016
Affirmed
Peterson, Judge**

Dakota County District Court
File No. 19-P5-88-001302

David A. Jaehne, West St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, Kristine H. Word, Assistant Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, John L. Kirwin, Assistant County Attorney, Minneapolis, Minnesota; and

James C. Backstrom, Dakota County Attorney, Donald E. Bruce, Assistant County Attorney, Hastings, Minnesota (for respondent)

        Considered and decided by Peterson, Presiding Judge; Halbrooks, Judge; and Reyes, Judge.

**UNPUBLISHED OPINION**

**PETERSON**, Judge

Appellant challenges a judicial appeal panel's dismissal of his petition for a provisional discharge from the Minnesota Sex Offender Program (MSOP). Because appellant failed to present a prima facie case that he is entitled to a provisional discharge, we affirm.

**FACTS**

Appellant Robert A. Kunshier was indeterminately committed to the MSOP as a sexual psychopathic personality in 1994. *See In re Kunshier*, No. C7-95-1490, 1995 WL 687692, at *1, 5 (Minn. App. Nov. 21, 1995) (outlining Kunshier's criminal history and affirming his commitment). Kunshier completed treatment at the MSOP facility in Moose Lake and was transferred to the MSOP facility in St. Peter in 2003 to participate in a transitional program. In 2004, Kunshier was removed from the transitional program and returned to Moose Lake because he falsified a work timecard. Upon returning to Moose Lake, Kunshier sporadically participated in treatment, and he has not participated in the treatment program since 2008.

In June 2013, Kunshier filed a petition for a provisional discharge from the MSOP. A special review board recommended that the petition be denied, and the matter proceeded to a hearing before a judicial appeal panel in April 2015. Dr. Thomas Alberg, a licensed psychologist who the court appointed to evaluate Kunshier, submitted a report and testified at the hearing. Alberg testified that granting Kunshier a provisional discharge is inappropriate. Kunshier had participated in assessments that placed him in a high-risk

category to reoffend and indicated a high degree of psychopathy.  Alberg stated that Kunshier should proceed through the MSOP's Community Preparation Services (CPS) program, a transitional program, to help him reintegrate into the community.  Alberg also stated that Kunshier may need to review some parts of treatment before moving to CPS.

Kunshier testified that he is not participating in the MSOP treatment program and is not interested in moving to CPS.  He presented a provisional discharge plan that he prepared in 2001 and signed again in 2013.  He acknowledged that the plan does not identify specific treatment programs for him, but he testified that a program called Pathfinders, a halfway house, a reentry service, aftercare, and Alcoholics Anonymous or Narcotics Anonymous are potential resources if he is provisionally discharged.  He also stated that he planned to find a job and that relatives would help him with housing.  He testified that he does not think his treatment will ever be finished but that he believes he is safe to be released into the community.

Following the testimony, respondent commissioner of human services, and Hennepin and Dakota Counties moved for dismissal of Kunshier's petition, arguing that Kunshier failed to present a prima facie case that he is entitled to a provisional discharge. The judicial appeal panel dismissed Kunshier's petition under Minn. R. Civ. P. 41.02(b). Kunshier appeals.

## D E C I S I O N

"After the plaintiff has completed the presentation of evidence, the defendant . . . may move for a dismissal on the ground that upon the facts and the law, the plaintiff has shown no right to relief." Minn. R. Civ. P. 41.02(b).  This court reviews de novo a judicial

appeal panel's rule 41.02(b) dismissal of a petition for a provisional discharge from the MSOP. *Larson v. Jesson*, 847 N.W.2d 531, 534 (Minn. App. 2014).

"A person who is committed as a sexually dangerous person or a person with a sexual psychopathic personality shall not be provisionally discharged unless the committed person is capable of making an acceptable adjustment to open society." Minn. Stat. § 253D.30, subd. 1(a) (2014). When determining whether a provisional discharge should be granted, the factors to be considered are:

> (1) whether the committed person's course of treatment and present mental status indicate there is no longer a need for treatment and supervision in the committed person's current treatment setting; and
> (2) whether the conditions of the provisional discharge plan will provide a reasonable degree of protection to the public and will enable the committed person to adjust successfully to the community.

*Id.*, subd. 1(b) (2014).

"The petitioning party seeking . . . provisional discharge bears the burden of going forward with the evidence, which means presenting a prima facie case with competent evidence to show that the person is entitled to the requested relief." Minn. Stat. § 253D.28, subd. 2(d) (2014); *see also Coker v. Jesson*, 831 N.W.2d 483, 486 (Minn. 2013) (stating that "[t]he proceeding in which a committed person produces evidence is commonly referred to as a 'first-phase hearing'"). At the first-phase hearing, the judicial appeal panel may not weigh the evidence or make credibility determinations and must view the evidence produced in a light most favorable to the committed person. *Coker*, 831 N.W.2d at 490-91. Dismissal of the petition under rule 41.02(b), may be appropriate if the committed

4

person fails to meet his burden of production. *Id.* at 491. "If the petitioning party has met this burden, the party opposing . . . provisional discharge bears the burden of proof by clear and convincing evidence that the . . . provisional discharge should be denied." Minn. Stat. § 253D.28, subd. 2(d); *see also Coker*, 831 N.W.2d at 486 (stating that "[t]he proceeding in which the opposing party attempts to prove that the discharge petition should be denied is commonly referred to as a 'second-phase hearing'"). Kunshier argues that he met his burden to produce competent evidence that he is entitled to a provisional discharge and that the judicial appeal panel erred by dismissing his petition and denying him a second-phase hearing.

Kunshier did not produce competent evidence that there is no longer a need for treatment and supervision in his current treatment setting. *See* Minn. Stat. § 253D.30, subd. 1(b)(1). Assessments have placed Kunshier in a high-risk category to reoffend and have indicated a high degree of psychopathy. Alberg stated that Kunshier should go through CPS, the MSOP transitional program, before returning to the community. Alberg also stated that, although Kunshier previously completed the MSOP treatment program, he may need to review some parts of treatment before moving to CPS. Alberg indicated that Kunshier should review the character and behavioral aspects of the treatment program. Kunshier does not wish to move to CPS, and he asserts, without support, that he is safe to be released into the community.

Kunshier also did not produce competent evidence that the conditions of his provisional discharge plan will provide a reasonable degree of protection to the public and will enable him to adjust successfully to the community. *See id.*, subd. 1(b)(2). Alberg

5

stated that Kunshier should proceed through CPS to be able to successfully adjust to the community. Kunshier prepared a provisional discharge plan in 2001 that he signed again in 2013. The plan does not identify specific treatment programs for him and has not been approved by MSOP staff. At the hearing, Kunshier identified various resources that he believes may be available if he is provisionally discharged, but he admitted that he had not communicated with the staff at the programs he identified and "do[es]n't know if they're an option."

Kunshier did not meet his burden at the first-phase hearing of presenting a prima facie case with competent evidence that he is capable of making an acceptable adjustment to open society and is entitled to a provisional discharge. *See* Minn. Stat. §§ 253D.28, subd. 2(d), .30, subd. 1(a). Because Kunshier failed to meet his burden of production, the judicial appeal panel did not err by dismissing his petition.

**Affirmed.**